OPINION OF THE COURT
Saul Moskoff, J.
The Commissioner of Social Services moves for an order: (1) requiring Flushing Queens Medical Associates (Medical Associates) to produce its records on the respondent, for use as evidence in this proceeding, and (2) requiring Ms. N., a counselor at Medical Associates to give testimony in this proceeding, and (3) permitting the petitioner to examine all of the urine test reports in the Medical Associates records on the respondent.
The motion to order the Medical Associates to produce its records on the respondent, for use as evidence in this proceeding is granted.
The Medical Associates in opposition to the motion, has submitted Department of Health, Education and Welfare rules and regulations on the confidentiality of alcohol and drug abuse patient records. According to these regulations: "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.”
(US Code, tit 21, § 1175, subd [a].) The required confidentiality of patient records as stated above, is qualified by section 1175 (subd [b], par [2], cl [C]) of title 21 of the United States Code which permits disclosure of relevant records without the consent of the patient, "[I]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services.” As stated in this section, it is the duty of the court to weigh the public interest and the need for disclosure against the injury to the patient. *481 In assessing the public interest, the court must consider the safety and welfare of the three children who are alleged to be neglected. The purpose of the child protective proceeding, is "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.” (Family Ct Act, § 1011.) This court is of the opinion that the interest of these young children in living in secure surroundings outweighs any possible injury to the patient, or to the physician-patient relationship. The private nature of a Family Court proceeding, and the fact that "[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection” (Family Ct Act, § 166) minimizes the likelihood of the respondent’s status becoming a matter of public record. Thus, this court finds that there is good cause for disclosure of the requested records, as required by section 1175 of title 21 of the United States Code.
Moreover, the Medical Associates are required to produce the records under the authority of section 1038 of the Family Court Act. This section states: "Each hospital and any other public or private agency having custody of any records, photographs or other evidence relating to abuse or neglect, upon the subpoena of the court, the corporation counsel, county attorney, district attorney, counsel for the child, or one of the parties to the proceeding, shall be required to send such records, photographs or evidence to the court for use in any proceeding relating to abuse or neglect”. (Emphasis added.) The fact that hospital and agency records are required to be produced in abuse and neglect proceedings evinces a legislative intent, at least in New York, to give greater protection to the interests of allegedly neglected children than to the interest of the patient in confidentiality. As stated in the Family Court Act, "neither the privilege attaching to confidential communications between * * * the physician-patient and related privileges * * * shall be a ground for excluding evidence which otherwise would be admissible.” (Family Ct Act, § 1046, subd [a], par [vii].)
Several cases have pointed up how the special nature of the abuse and neglect proceeding acts to override certain privileges and rights which a respondent would ordinarily have. In the Matter of Gigi B., (71 Misc 2d 176), the defendant in a neglect case argued that the records of the New York State Narcotic Addiction Control Commission were subject to a statutory privilege of confidentiality. The court in requiring *482 production of the records stated (p 178), "[A]mong the procedural benefits given children who have no other weapons with which to defend themselves is section 1038 of the Family Court Act”. The statutory privilege of confidentiality of records was thus held to give way in an abuse or neglect case. (See, also, Matter of Three "John” Children, 61 Misc 2d 347; Matter of Fred S., 66 Misc 2d 683; Matter of Schulman v New York City Health and Hosps. Corp., 44 AD2d 482, affd 38 NY2d 234.)
The motion to require Ms. N., a counselor at Medical Associates to testify, pursuant to subpoena, in this proceeding, is granted.
According to section 1046 (subd [a], par [iii]) of the Family Court Act: "proof that a person repeatedly uses a drug, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child”. As Ms. N. is the counselor of the methadone program in which the respondent is enrolled, her testimony regarding the respondent’s drug use is relevant and material to the issues before the court. As stated above, the patient’s right to confidentiality has been superseded by the relevant provisions of the article on child protective proceedings. (Family Ct Act, §§ 1038, 1046, subd [a], par [vii].)
The motion to permit petitioner to examine all urine test reports in the Medical Associates records, regarding the respondent, is granted. The same reasons for permitting access to respondent’s records are applicable to permitting access to respondent’s urine reports. (Family Ct Act, § 1038; US Code, tit 21, § 1175, subd [b], par [2], cl [C].)
In order to ensure the safe receipt and privacy of the appropriate records, the Medical Associates are directed to deliver the records to the court, at which time they may be inspected in court by counsel for all parties.
This proceeding remains on the calendar for March 9, 1978 in Part B.