*334 OPINION OF THE COURT
Leon Deutsch, J.
In this neglect proceeding brought by the Commissioner of Social Services pursuant to article 10 of the Family Court Act, petitioner alleges, inter alia, that the respondent mother is a chronic alcoholic and that the subject child is, in consequence, a neglected child within the purview of the statute. To sustain this allegation, petitioner moves for an order:
(1) Requiring Long Island College Hospital ("the hospital”) to produce for use as evidence in this proceeding all the records that are in its possession of the respondent which were compiled in the course of performing any alcohol abuse prevention function; and,
(2) granting petitioner leave to subpoena Mr. N., counselor, Division of Alcohol Services of the hospital to give testimony in this proceeding.
Both the Commissioner of Social Services and the hospital agree that the records requested by this motion enjoy limited confidentiality under Federal law (US Code, tit 42, § 4582, subd [a]). Upon a showing of good cause, a court of competent jurisdiction may authorize disclosure of the records sought by the commissioner. In assessing good cause, it is the duty of the court to apply a balancing test which weighs the public interest and the need for disclosure against the possible injury to the patient or program. (US Code, tit 42, § 4582, subd [b], par [2], cl [C].) Additionally, regulations of the Department of Health, Education and Welfare, promulgated pursuant to the authority of the above-cited statutes, extends this limited confidentiality not only to the hospital records, but also to the counselor’s testimony. (42 CFR 2.13 [c].)
There is no real dispute between the parties with regard to petitioner’s request for production of the records. While reluctant and unhappy, the hospital will agree to produce, upon the appropriate court order, the alcohol abuse records of the respondent. In addition, the petitioner has no objection to the mode of inspection proposed by the hospital, namely, examination of the records in the office of the hospital’s counsel.
Even if the hospital resisted petitioner’s request for the production of the records, this court will grant that portion of the motion, on the grounds that in a neglect proceeding confidentiality must give way before the duty of the court to prevent harm to its ward and to safeguard the best interests *335 of the child, that is, to insure the physical, mental and emotional well-being of the child, and on the further statutory requirement that hospitals and agencies must send to the court, upon subpoena, their records relating to neglect for use in such proceeding. (Family Ct Act, §§ 1011, 1038; Matter of Gigi B., 71 Misc 2d 176; Matter of Doe Children, 93 Misc 2d 479.) (In Doe, the issues and the Federal law were virtually identical to those in this case, except that the commissioner there sought the same relief from a drug abuse program.) Furthermore, the petitioner, in his affidavit has satisfactorily demonstrated that the evidence of the alleged chronic alcoholism of the respondent mother will be contained in these records, and that such evidence is both necessary and material to meet his burden of proof. Therefore, this court finds that there is "good cause”, as required by the Federal statute, to authorize disclosure of the records sought by the petitioner in this case.
Accordingly, that portion of the motion to compel production of the records for use as evidence in this proceeding is hereby granted.
We must now consider and determine that portion of the motion relating to the subpoena of the alcohol abuse counselor. Although the hospital agrees to produce the records, it vigorously opposes petitioner’s request for leave to subpoena the counselor in its alcohol treatment program to give testimony in this proceeding. The hospital’s cogent argument is that to require a counselor to give testimony with respect to his program client, and, in effect, against the interests of his client, would seriously impair the effectiveness of the alcohol treatment program which rests upon the confidence of those it seeks to cure. This is, indeed, a very legitimate concern. Nevertheless, the welfare and best interests of a child alleged to be neglected must be given overriding effect, where it is found by the court that such testimony is "necessary and material” to the proof in the case. (Doe Children, supra.) (In Doe, the court used the phrase "relevant and material”. Implicit in the entire decision, however, was that the court found that the counselor’s testimony was necessary to establish the facts in issue.)
It is noteworthy, that in custody cases, where the best interest of the child is similarly the guiding principle, courts have found that a statutory privilege of confidentiality must give way to protect the best interests of the child, upon a *336 proper showing that disclosure of the privileged matter is "necessary and material” to a resolution of the issue before the court. As stated by the court in Perry v Fiumano (61 AD2d 512, 519): "[Wjhere it is demonstrated that invasion of protected communications between a party and a physician, psychologist or social worker is necessary and material to a determination of custody the rule of privilege protecting such communications must yield to the 'dominant * * * duty of the court to guard the welfare of its wards’.” (Emphasis added.)
A recently decided case in the Appellate Division, First Department, explicitly agreed with the court in Perry. (People ex rel. Hickox v Hickox, 64 AD2d 413.)
We agree with the sage observations of the court in Perry (supra, p 519):
"It is not our purpose, however, to discourage troubled parents from seeking professional assistance from the many public and private counseling agencies which are available * * * Nor would we want a custodial parent to forego needed psychiatric or other help out of fear that confidences will later be unfairly and unnecessarily revealed * * *.
"To avoid such potentially chilling effects, it is apparent that these privileges may not cavalierly be ignored or lightly cast aside. There first must be a showing beyond 'mere conclusory statements’ that resolution of the * * * issue requires revelation of the protected material.”
Significantly, the court in Perry (supra, p 520) held that petitioner’s speculation that the privileged matter "could be of utmost importance” in resolving the case was insufficient to support disclosure of the confidential records requested by petitioner.
The court is, of course, well familiar with the statutory and other differences, as well as the similarities between neglect and custody proceedings. Nevertheless, the analogy, in the opinion of this court, remains valid, in terms of the ultimate concern to the court, that is, the best interests of the child. Even ascribing a higher order of urgency to neglect proceedings, one seeking, in such cases, to override statutory privilege and to compel testimonial disclosure, should be held to a showing, no less than in custody cases, that such testimony is necessary and material to a resolution of the issue before the court. To do otherwise contributes nothing to the purpose or proving of a neglect proceeding, and merely opens to that evil cited and sought to be avoided by the Perry court.
*337 In the instant matter, petitioner has failed to show that the testimony of the counselor is necessary and material. Instead, he merely requests standby authority to call the counselor to testify if, after review of the records, he determines that such testimony is necessary and material to a determination of the neglect issue before the court.
It is not the role of the petitioner to make this determination; rather, that is the function of the court to so find, if warranted, upon a proper showing. The court may not abdicate this role, and especially, in a matter of such importance, where to require the counselor to testify may likely have an adverse impact upon this important and beneficial program, and upon those very persons which the program is designed to serve.
The petitioner in this case relies on Doe Children (supra), which as indicated, presented a similar situation, involving a drug program. It is true that the court in Doe Children (93 Misc 2d 479, 482, supra) granted the motion to compel the counselor to testify, saying that "the patient’s right to confidentiality has been superseded by the relevant provisions of the article on child protective proceedings”. However, the instant matter is distinguishable. As earlier stated, it may be reasonably presumed from a reading of Doe Children that the court, on the particular facts therein, found the counselor’s testimony to be necessary and material to a determination of the issue of neglect. With such a holding, in such circumstances, this court would heartily concur.
In the instant matter, however, the petitioner does not even affirm that he will call the counselor to testify; nor, has he satisfactorily demonstrated that the counselor’s testimony will be required, necessary or material.
Accordingly, the motion for leave to subpoena the testimony of the counselor is, at this time, denied.