OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion in a strongly contested pendente lite custody proceeding, to compel the plaintiff wife to execute authorizations for the release of certain hospital records. The defendant husband contends that the hospitalizations at issue *670 were due to the wife’s conditions of alcoholism and bulimia, and that the medical records involved will substantiate his contentions in this regard. The plaintiff wife opposes, on grounds of relevance, prematurity, and privilege.
For the reasons discussed below, the court denies the motion for lack of notice to the custodian of the records.
The court has previously issued subpoenas for those records kept by the New York Hospital. The hospital has refused to honor these subpoenas, claiming that the stock form of "so-ordered” subpoena does not comport with 42 USC § 290ee-3. That section regulates the disclosure of records of treatment of patients in connection with drug abuse prevention. While not cited by the hospital in its letters to defendant’s counsel, it would appear that 42 USC § 290dd-3, which regulates the disclosure of similar records involving treatment for alcoholism or alcohol abuse, is equally applicable.
These statutes insofar as relevant, prohibit the disclosure of drug abuse records unless the patient has given his prior written consent (42 USC § 290dd-3 [b] [1]; 42 USC § 290ee-3 [b] [1]) or unless authorized by order of a court of competent jurisdiction for good cause shown.
Similarly, Mental Hygiene Law § 33.13 (c) (1) and (7) generally prohibit disclosure of clinical records, but allow disclosure upon court order based upon a specific finding that the interests of justice outweigh the need for confidentiality, or upon the consent of the patient.
The regulations issued by the Department of Health and Human Services pursuant to the Federal statutes specify the findings necessary before the court may order disclosure. (42 CFR 2.64 [d].) The court must find that "[t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.” (42 CFR 2.64 [d] [2].) The Court of Appeals has stressed that this evaluation is a crucial element of a disclosure proceeding. (Matter of Commissioner of Social Servs. v David R. S., 55 NY2d 588.)
To this end, the regulations also specify that any proceeding for disclosure must be made on notice to the custodian of the records, so that they may provide evidence on the statutory criteria for issuance of the order. Although neither party has raised the issue, the lack of such notice precludes the court from granting the motion.
This conclusion is not changed by the fact that this applica *671 tion is not directed to the custodian, but takes the form of a motion to compel the plaintiff wife to execute authorizations for the release of the records. It has indeed been held that a parent, by contesting custody, places his mental and emotional condition in issue, and thereby waives the privilege ordinarily attaching to communications with a psychiatrist (Baecher v Baecher, 58 AD2d 821). That case, however, did not involve drug- or alcohol-abuse-related records, which must be viewed as special cases. The consent contemplated by the statutes and regulations is a genuine consent, and not one compelled for the purposes of litigation. To treat this in the same manner as an automobile case, and to simply compel the plaintiff wife to execute an authorization, would be to bypass the Federal statute and regulations and to violate the policy expressed through them.
The few reported decisions which have actually weighed the factors for or against the release of such records reflect the active participation of the custodian of the records (Matter of Commissioner of Social Servs. v David R. S., supra; Matter of Doe Children, 93 Misc 2d 479; Matter of Dwayne G, 97 Misc 2d 333; see also, Perry v Fiumano, 61 AD2d 512). The court must have that participation before it can make a determination here.
The motion is accordingly denied, with leave to renew upon notice to the New York Hospital-Cornell Medical Center. The motion should be for an order authorizing disclosure by the custodian of the records, and should be brought on by order to show cause.