OPINION OF THE COURT
Lee H. Elkins, J.
The Commissioner of the Administration for Children’s Services of the City of New York (ACS) brings this motion, by order to show cause,[1] to enforce a subpoena compelling the disclosure of records regarding the respondent’s treatment for drug abuse by Addiction Research and Treatment Corporation (ARTC). ARTC is a licensed provider of out-patient medical, psychiatric, substance and alcohol abuse counseling and family development services. ACS seeks leave to subpoena said records and testimony of respondent’s treatment providers, if necessary, for use at fact finding in a child neglect proceeding pending before this court. ARTC opposes the release of this information under relevant Federal and State statutes which provide for the confidentiality of a patient’s substance abuse and clinical records.
The motion presents several issues. Initially the court must consider whether Federal or State laws absolutely prohibit disclosure of such records. If disclosure is permitted, the court must consider the standard to be applied in determining what information may be disclosed. Finally, the court must determine what procedure to use to apply the standard in a particular case.
Federal Law
The Drug Abuse Prevention, Treatment and Rehabilitation Act protects the confidentiality of a patient’s records and communications at facilities which receive Federal assistance. (42 USC § 290dd-2.)[2] Assuming an individual qualifies as a “patient,” the facility in question is indeed a “drug treatment facility,” and the patient was there for purposes of “diagnosis and treatment,” his or her records are deemed confidential under 42 USC § 290dd-2.[3]
Notwithstanding this confidentiality, the statute permits disclosure of such records
*268 “[wjhether or not the patient * * * gives written consent * * *
“[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause.” (42 USC § 290dd-2 [b] [2] [C].)
The statute requires the court, “[i]n assessing good cause * * * [to] weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services.” (42 USC § 290dd-2 [b] [2] [C].)
The implementing Federal regulations, 42 CFR 2.64 (d),[4] also specify the factors which the court must consider in assessing good cause. The regulations permit such records and confidential communications to be disclosed where the informa *269 tion is unobtainable from any other source, and there is a compelling public interest which outweighs any potential injury to the patient, to the physician-patient relationship, to the treatment services, or to the rehabilitation of other patients. The implementing regulations also expressly permit disclosure of confidential communications in circumstances that constitute suspected child abuse and neglect. (42 CFR 2.63 [a] [1], [2] .)* ***[5]
Good cause for disclosure has been found under the Federal statutory standards in the context of a child protective proceeding. In Matter of Doe Children (93 Misc 2d 479 [Fam Ct, Queens County 1978]), the court found that the public interest in protecting children from abuse or neglect in a proceeding under article 10 of the Family Court Act is sufficient to override the privilege of confidentiality of drug treatment records. The court held that these records may be disclosed, and that the patient’s counselor may be required to give testimony. The court, in assessing the public interest involved, noted the legislative mandate in section 1011 of the Family Court Act to “help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.” In weighing the competing interests at stake the court found that:
*270 “The purpose of the child protective proceeding is ‘to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.’ * * * This court is of the opinion that the interest of these young children in living in secure surroundings outweighs any possible injury to the patient, or to the physician-patient relationship. The private nature of a Family Court proceeding, and the fact that ‘[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection’ (Family Ct Act, § 166) minimizes the likelihood of the respondent’s status becoming a matter of public record. Thus, this court finds that there is good cause for disclosure of the requested records, as required by [21 USC § 1175].” (93 Misc 2d, at 481.)
The court further found support for this waiver of confidentiality in section 1046 of the Family Court Act, which abolishes the physician-patient privilege in child protective proceedings. (Matter of Doe Children, 93 Misc 2d, supra, at 481.) The court interpreted this exception to the standard evidentiary privilege as a legislative determination to “give greater protection to the interests of allegedly neglected children than to the interest of the patient in confidentiality.” (Supra, at 481.)
Support for the disclosure of such records in child protective proceedings also can be found in Matter of Lameek L. (226 AD2d 464 [2d Dept 1996]). There, the Appellate Division held that it was not error for the Family Court, in a termination of parental rights proceeding, to allow into evidence a mother’s drug treatment records where the court had determined that the mother’s drug use was the primary obstacle to reunification of the family.
State Law
New York State also affords confidentiality to substance abuse records, but does permit disclosure in limited circumstances. The relevant statute, Mental Hygiene Law § 22.05,[6] states:
*271 “(b) All records of identity, diagnosis, prognosis, or treatment in connection with a person’s receipt of chemical dependence services shall be confidential and shall be released only in accordance with applicable provisions of the public health law, any other state law, federal law and duly executed court orders.”
This statute allows the release of substance abuse treatment records in compliance with applicable Federal law, unless another State law would prohibit disclosure. The only other relevant New York State law is Mental Hygiene Law § 33.13, which pertains to clinical records in general and allows for the release of a patient’s records where the “interests of justice significantly outweigh the need for confidentiality.” (Mental Hygiene Law § 33.13 [c] [1].) Courts applying this statute have adopted an analysis similar to the analysis of Federal law used by the court in Matter of Doe Children (supra).
For example, in Matter of City of New York v Bleuler Psychotherapy Ctr. (181 Misc 2d 994 [Sup Ct, NY County 1999]), the court directed a treatment provider to comply with a subpoena issued on behalf of the Department of Mental Health, Mental Retardation and Alcoholism Services, for the production of all documents in its possession relating to the treatment of a patient who allegedly caused the death of a third party by pushing her from a subway platform. Applying Mental Hygiene Law § 33.13, the court found that the interests of justice outweighed the need for confidentiality, given that disclosure would permit the agency to perform its statutorily mandated duty to investigate whether the patient had received appropriate care and what steps could be taken to prevent similar incidents in the future. In other words, the State’s statutory duty to prevent harm inflicted by patients outweighed the patients’ and the treatment center’s need for confidentiality in the treatment records.
Similarly, in the case presently before this court, ACS seeks disclosure of these records in the context of a proceeding to prevent harm to the respondent’s children by virtue of her drug addiction. As previously noted, the purpose of the proceed *272 ing, as stated in Family Court Act § 1011, is “to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.”
The court is aware of the decision by the Rockland County Family Court in Matter of W.H. (158 Misc 2d 788 [Fam Ct, Rockland County 1993]), which held that the release of substance abuse records was prohibited under New York State law. However, the court’s analysis in that case has been overruled by legislation. The court in Matter of W.H. reasoned that New York law was more protective of a patient’s right to confidentiality than applicable Federal law, and that, consistent with 42 CFR 2.20,[7] the State statute prohibited disclosure. The court based its decision on the wording of Mental Hygiene Law former § 23.05 (a), which stated that the facts relating to a person’s participation in a substance abuse program shall not be used against the person in any action or proceeding in any court. That section has since been repealed,[8] and replaced by a new section[9] which states that “[s]uch information from the record * * * shall be accessible only in the manner set forth in sections 33.13 and 33.16 of this chapter.” The court in Matter of W.H. expressly recognized that Mental Hygiene Law § 33.13, which now governs such records,[10] permits disclosure in child protective proceedings.
Moreover, Mental Hygiene Law § 22.05 (b) expressly permits the release of these records “in accordance with applicable provisions of * * * federal law.” Mental Hygiene Law § 33.16, *273 which does not govern in this proceeding,[11] also expresses the Legislature’s intent to apply Federal standards.[12] As previously noted, Federal law allows the release of treatment records pursuant to court order issued for good cause. Insofar as the State statute incorporates Federal standards, it cannot be said that the State statute is more protective.
Another section of the same statute makes clear that the Legislature did not exempt providers of substance abuse services from the disclosure requirements of the Social Services Law and of the Family Court Act, where necessary for the protection of children. Mental Hygiene Law § 32.11, entitled “Child abuse prevention,” specifically requires all providers of such services to develop, maintain and disseminate written policies and procedures pursuant to title 6 of article 6 of the Social Services Law and applicable provisions of article 10 of the Family Court Act regarding the mandatory reporting of child abuse or neglect.[13]
Matter of Commissioner of Social Servs. v David R. S. (55 NY2d 588 [1982]) also provides guidance in interpreting these statutes. In that case, the Court of Appeals determined that substance abuse records were not subject to disclosure in a paternity proceeding. The Court held that the putative father failed to present sufficiently compelling reasons to justify the release of the records of the patient-mother. However, in reaching its decision, the Court analyzed the issue according to the Federal good cause standard.
*274 In this court’s view, there are compelling reasons to require disclosure of the treatment records of a parent or person legally responsible for a child who allegedly has been abused or neglected, insofar as those records contain evidence of the potential child neglect or abuse. Parental drug use is a recurring factor in child abuse and neglect cases.[14] In the view of the Legislature, the correlation between drug abuse and child neglect is such that proof of drug abuse is prima facie evidence of child neglect. Family Court Act § 1012 (f) (i) (B)[15] allows a court to make a finding of neglect based solely on a respondent’s “misusing a drug or drugs,” where the evidence supports an inference that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of parental drug abuse. (See, Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 353-355.) In order to assist the petitioner to meet its burden of proof in such cases, the Legislature has specified in Family Court Act § 1046 (a) (iii):
“proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug or *275 alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program.”
The Legislature amended this subdivision in 1981 to add the last phrase prohibiting the court from finding a child neglected solely on the ground of drug “misuse” if the respondent is “voluntarily and regularly participating in a recognized rehabilitative program.” As a result, it has become necessary to determine in such cases, as an aspect of fact finding, whether the respondent is voluntarily and regularly participating in such a program. It follows necessarily that the court must have access to the records of a respondent’s progress in a drug rehabilitation program in order to make this determination.
Standards
The determination that such records are subject to disclosure under Federal and State law does not end the required analysis. The court must consider to what extent disclosure is permitted and the procedure by which the court is to make such a determination.
Under 42 CFR 2.64 (d), the court must apply a two-part analysis to determine whether good cause exists for disclosure of drug treatment records. Once the court determines that the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services, the court must consider whether other ways of obtaining the information are available or would be effective. It clearly is the intent of the applicable Federal law that this determination be made with regard to the facts of the specific case.
The allegations presently before this court point to the respondent mother’s continued use of illicit drugs, despite enrollment in a substance abuse treatment program. The petition alleges that she continued to test positive for drugs, including opiates and cocaine. Although the court might order the respondent, pursuant to Family Court Act § 1038-a, to submit to a blood test to determine whether she is using drugs at the present time, such a test would be relevant only to disposition and would reveal nothing about the respondent’s drug use prior to the date the petition was filed. The only evidence available in regard to the respondent’s use of drugs prior to filing is the record of drug screening performed by the drug rehabilitation program.
The court also is required to consider whether the respondent voluntarily and regularly participated in a recognized *276 drug rehabilitative program. There is no other method by which the court may determine her attendance, participation, and compliance, or lack thereof, with her program, apart from reviewing the records of her treatment. To the extent that the records may reveal communications between the respondent and her drug counselors, the Federal regulations specifically allow disclosure of communications “made by a patient to a program in the course of diagnosis, treatment, or referral for treatment” where a court determines that “[t]he disclosure is necessary to protect against an existing threat to life * * * including circumstances which constitute suspected child abuse and neglect.”[16]
Arguably, the respondent could eschew any reliance upon the defense of “voluntar[y] and regular[ ] participation] in a recognized rehabilitative program” (Family Ct Act § 1046 [a] [iii]) and invoke the confidentiality provisions of the Federal statute and regulations on the ground that the issue of her enrollment or attendance in such a program is immaterial to the fact finding. The court is not persuaded that the respondent should be permitted in this manner to shield the records of her participation or lack of participation in drug rehabilitation. First, the records contain evidence as to whether the respondent used drugs during the period at issue when she was legally responsible for the child. Second, the court finds that the extent of the respondent’s participation in drug rehabilitation is not exclusively a matter of defense. While the petitioner may establish a prima facie case based upon proof of the parent’s drug misuse without enrollment or participation in drug rehabilitation in this context the statute is not merely a device for allocating burdens of proof. In child protective proceedings, the court must have the ability to assess the parent’s actual ability to care for the subject child. It is compelling in this context that the court be able to determine the extent to which the respondent’s drug use impairs her ability to provide proper supervision and guardianship of her child. In the court’s view, the respondent’s access to drug rehabilitation services without meaningful compliance would be further evidence of child neglect, in addition to the drug abuse itself. While the compelled disclosure of the extent of the patient’s participation in treatment may have some chilling effect upon the physician-patient relationship and the treatment services, it is the court’s opinion that the parent’s obligation to the child *277 is paramount. Meaningful participation in rehabilitative services is part of the “minimum degree of care”[17] that the addicted or drug abusing parent is obligated to provide to the child.
However important a right of confidentiality may be with respect to these types of records, it must yield to the greater right of a child to be free from parental neglect or abuse. Given the compelling public interest at stake in a child abuse or neglect proceeding, given the fact that otherwise confidential communications are expressly admissible in such cases, and considering the relevant case law, this court finds that good cause does exist for the production of respondent’s treatment record from ARTC.
Procedure
The court’s order to produce these records pursuant to subpoena must contain certain protections against unnecessary disclosure, pursuant to 42 CFR 2.64 (e). An order authorizing a disclosure must limit disclosure to those parts of the patient’s record which are essential to fulfill the objective of the order. This requires that the court examine the patient’s records in camera to determine which portions reveal evidence of the respondent’s voluntary and regular participation in the program, or a lack of such participation, and any evidence of child neglect, including continuing drug use. The Federal statute, regulations and State law do not authorize the wholesale disclosure of such portions of the records as do not relate to these issues. The Federal regulations also require that the court limit disclosure to those persons whose need for information is the basis for the order, and include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services. The regulations specify that the court, for example, should “seal[] from public scrutiny the record of any proceeding for which disclosure of a patient’s record has been ordered.”[18]
Accordingly the court will review the respondent’s drug treatment records in camera to determine the extent of permissible disclosure of the contents of the records to the petitioner for use as evidence at fact finding in the proceeding under article 10 of the Family Court Act.

. CPLR 2302 (a) requires “that a subpoena to compel production of a patient’s clinical record maintained pursuant to the provisions of section 33.13 of the mental hygiene law shall be accompanied by a court order.”

. Formerly 21 USC § 1101 et seq.

. 42 USC § 290dd-2 states:
“(a) Requirement
“Records of the identity, diagnosis, prognosis, or treatment of any patient *268 which are maintained in the connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and the circumstances expressly authorized under subsection (b) of this section.
“(b) Permitted disclosure
“(1) Consent
“The content of any record referred to in subsection (a) of this section may be disclosed in accordance with the prior written consent of the patient with respect to whom such record is maintained * * *
“(2) Method for disclosure
“Whether or not the patient * * * gives written consent, the content of such record may be disclosed as follows:
“(A) To medical personnel to the extent necessary to meet a bona fide medical emergency.
“(B) To qualified personnel for the purpose of conducting scientific research, management audits, financial audits, or program evaluation * * *
“(C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.”

. 42 CFR 2.64 states:
“(d) Criteria for entry of order. An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find that:
“(1) Other ways of obtaining the information are not available or would not be effective; and
*269 “(2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.
“(e) Content of order. An order authorizing a disclosure must:
“(1) Limit disclosure to those parts of the patient’s record which are essential to fulfill the objective of the order.
“(2) Limit disclosure to those persons whose need for information is the basis for the order; and
“(3) Include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient’s record has been ordered.” .

. 42 CFR “§ 2.63 Confidential communications.
“(a) A court order under these regulations may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment only if:
“(1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties;
“(2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury, including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon, or child abuse and neglect; or
“(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.”

. Mental Hygiene Law “§ 22.05 Patient’s records.
“(a) After the admission of any patient, the director of a chemical dependence program or treatment facility shall, within five days excluding Sunday and holidays, forward to the office such information from the record in such time and manner as the commissioner shall require by regulation. Such information from the record in the office shall be accessible only in the manner set forth in sections 33.13 and 33.16 of this chapter.
*271 “(b) All records of identity, diagnosis, prognosis, or treatment in connection with a person’s receipt of chemical dependence services shall be confidential and shall be released only in accordance with applicable provisions of the public health law, any other state law, federal law and duly executed court orders.” (Added by L 1999, ch 558, § 11, eif Oct. 5, 1999.)

. 42 CFR “§ 2.20 Relationship to State laws.
“The statutes authorizing these regulations (42 U.S.C. 290ee-3 and 42 U.S.C. 290dd-3) do not preempt the field of law which they cover to the exclusion of all State laws in that field. If a disclosure permitted under these regulations is prohibited under State law, neither these regulations nor the authorizing statutes may be construed to authorize any violation of that State law. However, no State law may either authorize or compel any disclosure prohibited by these regulations.”

. L 1999, ch 558, § 12, eff Oct. 5, 1999.

. Mental Hygiene Law § 22.05 (a) (added by L 1999, ch 558, § 11, eff Oct. 5, 1999); see, n 6.

. Mental Hygiene Law §-33.13 (c) states:
“Such information about patients or clients * * * including the identification of patients or clients, and clinical records or clinical information tending to identify patients or clients * * * shall not be a public record and shall not be released * * * to any person or agency outside of the offices except as follows:
“1. pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality.”

. Mental Hygiene Law § 33.16 relates to the disclosure of information to relatives and other interested persons. That section specifically does not apply to judicial proceedings. Mental Hygiene Law § 33.16 (a) (1) states, inter alia, that “[flor purposes of this subdivision, ‘disclosure to any other person’ shall not include disclosures made pursuant to section 33.13 of this article.”

. Mental Hygiene Law § 33.16 (f) states: “Applicability of federal law. Whenever federal law or applicable federal regulations restrict, or as a condition for the receipt of federal aid require, that the release of clinical records or information be more restrictive than is provided under this section, the provisions of federal law or federal regulation shall be controlling.”

. Mental Hygiene Law “§ 32.11 Child abuse prevention.
“All providers of services * * * shall:
“(a) develop, maintain and disseminate written policies and procedures pursuant to title six of article six of the social services law and applicable provisions of article ten of the family court act, regarding the mandatory reporting of child abuse or neglect, reporting procedures and obligations of persons required to report, provisions for taking a child into protective custody, mandatory reporting of deaths, immunity from liability, penalties for failure to report, and obligations for the provision of services and procedures necessary to safeguard the life or health of the child.”

. See, e.g., Practice Commentaries to Family Court Act § 1012, which state: “In 1994, of the child-abuse fatalities among children previously known to the authorities in New York City, over three quarters involved some degree of parental drug involvement, and a similarly large percentage of the city’s, if not the state’s, overall child welfare caseload involved drug cases. Thus, Family Court handling of allegedly drug-using parents is a dominant child protective concern.” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 351.)

. “(f) ‘Neglected child’ means a child less than eighteen years of age
“(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * *
“(B) in providing the child with proper supervision or guardianship * * * by misusing a drug or drugs * * * provided, however, that where the respondent is voluntarily and regularly participating in a rehabilitative program, evidence that the respondent has repeatedly misused a drug or drugs * * * shall not establish that the child is a neglected child in the absence of [other] evidence.”

. 42 CFR 2.63 (a) (1).

. Family Ct Act § 1012 (f) (i).

. 42 CFR 2.64 (e) (3).