■ In the Matter of KEIRA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; DANIELLE O., Respondent. [844 NYS2d 344]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Salinitro, J.), dated February 27, 2007, which, in effect, granted the mother's motion to dismiss the petition for failure to state a prima facie cause of action for neglect.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a fact-finding hearing, and, if necessary, a dispositional hearing thereafter.

The subject of this child protective proceeding, Keira O., was born on July 5, 2006. A few days after Keira's birth, the petitioner filed a Family Court article 10 petition charging the respondent mother with neglect based upon her abuse of illegal substances, including heroin and cocaine. More specifically, the petition alleged that the mother had been using heroin since she was 14 years old, and that she had admitted to using heroin in April 2006, during her last trimester of pregnancy. In addition, the petition alleged that on three occasions in May and June 2006, the mother, who was enrolled in a treatment program, had tested positive for the use of narcotic substances, including cocaine and opiates. The petition also noted that in October 2003 the Family Court, Queens County, found that the mother neglected Keira's older sibling. That finding was based, in part, on allegations of the mother's drug use and the order of disposition entered in that matter had directed the mother to enter and complete a drug treatment program. The petition further noted that a proceeding to terminate the mother's parental rights to the older child was pending. The mother moved to dismiss the instant neglect petition, contending that it failed to state a prima facie cause of action because she was attending a treatment program when she tested positive for drug use. In the order appealed from, the Family Court, in effect, granted the mother's motion to dismiss the petition, and we now reverse.

On a motion to dismiss a petition in a child protective proceed-

ing, the court must accept the allegations set forth in the petition as true and afford the petitioner the benefit of every favorable inference that can be drawn therefrom (*see Matter of Alan FF.,* 27 AD3d 800 [2006]; *Matter of Elysa QQ.,* 249 AD2d 857 [1998]; *Matter of Iliana C.,* 206 AD2d 473 [1994]; *Matter of Stefanel Tyesha C.,* 157 AD2d 322 [1990]). Applying this standard here, the allegations set forth in the petition are facially sufficient to state a cause of action for neglect and to warrant that this matter proceed to a fact-finding hearing. Family Court Act § 1012 (f) (i) (B) defines a neglected child to include one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent" to exercise a minimum degree of care "in providing the child with proper supervision or guardianship . . . by misusing a drug or drugs." Pursuant to Family Court Act § 1046 (a) (iii), proof of a parent's repeated drug use is prima facie evidence of neglect. Where, however, a parent is "voluntarily and regularly participating in a recognized rehabilitative program," proof of a parent's repeated misuse of drugs is not prima facie evidence of neglect (*see* Family Ct Act § 1046 [a] [iii]). In those circumstances, "evidence that the respondent has repeatedly misused a drug or drugs . . . shall not establish that the child is a neglected child in the absence of evidence establishing that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i] [B]).

Here, although the petition indicates on its face that the mother was enrolled in a treatment program during her pregnancy, the issue of whether she was "voluntarily and regularly participating" in this program is a factual one which should be explored at a hearing (*see Matter of Hailey W.,* 42 AD3d 943 [2007]; *Matter of Luis B.,* 302 AD2d 379 [2003]). Furthermore, the mother's enrollment in a treatment program does not, standing alone, negate the possibility that the child's physical, mental, or emotional condition is in imminent danger of becoming impaired by the mother's allegedly long-standing and continuing drug use. Notably, the petition specifically alleges that the mother, despite her enrollment in a program, tested positive three times for the use of cocaine and/or heroin during the very last stages of her pregnancy, clearly indicating a lack of compliance with treatment. It has been observed that "[i]n child protective proceedings, the court must have the ability to assess the parent's actual ability to care for the subject child. It is compelling in this context that the court be able to determine the extent to which the respondent's drug use

impairs her ability to provide proper supervision and guardianship of her child" (*Matter of Maximo M.*, 186 Misc 2d 266, 276 [2000]; *see Matter of Jocelyn S.*, 30 AD3d 273 [2006]). The mother's "access to drug rehabilitation services without meaningful compliance would be further evidence of child neglect" (*Matter of Maximo M.*, 186 Misc 2d at 276).

Moreover, in determining that the petition was facially insufficient, the Family Court also failed to take into account the allegation that a finding of neglect previously had been entered against the mother for her neglect of an older child, and that a proceeding to terminate her parental rights to that child was pending. Pursuant to Family Court Act § 1046 (a) (i), proof of a parent's neglect of one child is admissible evidence on the issue of neglect of a sibling. Thus, the mother's inability to adequately care for her older child while misusing drugs may be considered in determining whether there is a basis for concluding that the subject child is in imminent danger of impairment (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 80 [1995]; *Matier of Kayla M.*, 22 AD3d 856 [2005]; *Matter of Markus MM.*, 17 AD3d 747 [2005]; *Matter of Nassau County Dept. of Social Servs. v Laquetta H.*, 191 AD2d 567 [1993]). Accordingly, we reverse the order appealed from, reinstate the petition, and remit the matter to the Family Court, Queens County, for a fact-finding hearing and, if necessary, a dispositional hearing thereafter. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.