■ In the Matter of ARTHUR S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ROSE S., Respondent. [891 NYS2d 457]—

Family Court Act § 1012 (f) defines a "[n]eglected child" as one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" because of a parent's failure "to exercise a minimum degree of care . . . by misusing a drug" (Family Ct Act § 1012 [f] [i] [B]). In addition, Family Court Act § 1046 (a) (iii) provides that repeated drug use by a parent is prima facie evidence of parental culpability (*see Matter of Keira O.*, 44 AD3d 668 [2007]; *Matter of Luis B.*, 302 AD2d 379 [2003]). In particular, that section states that "proof that a [parent] repeatedly misuses a drug . . . to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence" of neglect except when the parent "is voluntarily and

regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046 [a] [iii]; *see Matter of Aaliyah G.*, 51 AD3d 918 [2008]; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 351-355). This presumption is not rebutted by a showing that "the children were never in danger and were always well kept, clean, well fed and not at risk" (*Matter of Paolo W.*, 56 AD3d 966, 967 [2008] [internal quotation marks omitted]; *see Matter of Krewsean S.*, 273 AD2d 393 [2000]).

At a conference with representatives of the Administration for Children's Services, the mother Rose S. admitted to using illegal drugs over a prolonged time period. She tested positive for various illegal drugs, and she was arrested and charged with marijuana possession shortly after being released from a detoxication program in 2008. The records indicate that she avoided taking drug tests during the relevant period, and that she was asked to leave a treatment program in 2008 because of compliance issues. The mother's long-term use of illegal drugs, failure to meaningfully treat her addiction, and history of erratic behavior in the home established, by a preponderance of the evidence, that the mother neglected the child.

In this case, the mother's repeated attendance at drug rehabilitation programs " 'without meaningful compliance would be further evidence of child neglect' " (*Matter of Keira O.*, 44 AD3d at 671, quoting *Matter of Maximo M.*, 186 Misc 2d 266, 276 [2000]). Where as here, a prima facie case has been established pursuant to Family Court Act § 1046 (a) (iii), dismissal of a petition based "upon petitioner's failure to present any evidence of impairment of the physical, mental or emotional condition of [the child] or of imminent danger of such impairment pursuant to Family Court Act § 1012 (f) (i)" constitutes error as a matter of law (*Matter of William T.*, 185 AD2d 413, 414 [1992]).

Accordingly, the order appealed from must be reversed, the petition reinstated, and the matter remitted to Family Court, Richmond County for further proceedings, including a dispositional hearing. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.