■ In the Matter of ALEXANDRIA S., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXANDER S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DYLAN S., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXANDER S., Appellant, et al., Respondent. (Proceeding No. 2.) [962 NYS2d 675]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Currier-Woods, J.), entered May 16, 2011, which, after a hearing, inter alia, found that he neglected Alexandria S. and Dylan S.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; [b] [i]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123, 1123-1124 [2009]). The evidence presented at the fact-finding hearing was sufficient to show that the father neglected the subject children by engaging in certain acts of domestic violence against the mother in their presence that impaired, or created an imminent danger of impairing, their physical, emotional, or mental conditions (*see Matter of Ariella S. [Krystal C.]*, 89 AD3d 1092, 1093 [2011]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Jordan E.*, 57 AD3d 539, 540 [2008]). Additional evidence established that the father had engaged in a pattern of intimidation against the mother (*see Matter of Kiara C. [David C.]*, 85 AD3d at 1026).

In addition, by submitting proof of the father's repeated use of cocaine, the petitioner established a prima facie case of neglect pursuant to Family Court Act § 1046 (a) (iii) (*see Matter of Sadiq H. [Karl H.]*, 81 AD3d at 647; *Matter of Arthur S. [Rose S.]*, 68 AD3d at 1123; *Matter of Keira O.*, 44 AD3d 668, 670 [2007]). In this regard, " 'neither actual impairment [of the child's physical, mental, or emotional condition] nor specific risk of impairment need be established' " (*Matter of Sadiq H. [Karl H.]*, 81 AD3d at 647, quoting *Matter of Paolo W.*, 56 AD3d 966, 967 [2008]). The father, who did not testify, did not rebut this presumption. Notably, such a presumption "is not rebutted by a showing that 'the children were never in danger and were always well kept, clean, well fed and not at risk' " (*Matter of Arthur S. [Rose S.]*, 68 AD3d at 1124, quoting *Matter of Paolo W.*, 56 AD3d at 967 [some internal quotation marks omitted]).

The father's remaining contentions are without merit. Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.