■ In the Matter of ANGELA M., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANNMARIE T., Appellant. (Proceeding No. 1.) In the Matter of CHRISTOPHER M., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANNMARIE T., Appellant. (Proceeding No. 2.) [975 NYS2d 683]—

In two related child protective proceedings pursuant to Fam-

ily Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Budd, J.), dated August 23, 2012, which, after a hearing, inter alia, found that she neglected the subject children.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

By submitting proof of the mother's repeated use of cocaine, the petitioner established a prima facie case of neglect pursuant to the presumption contained in Family Court Act § 1046 (a) (iii) (*see Matter of Audrey K. [Erik K.]*, 108 AD3d 717 [2013]; *Matter of Alexandria S. [Alexander S.]*, 105 AD3d 856, 857 [2013]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123 [2009]; *Matter of Keira O.*, 44 AD3d 668, 670 [2007]). In this regard, the presumption operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment of the child's physical, mental, or emotional condition nor specific risk of impairment need be established (*see Matter of Sadiq H. [Karl H.]*, 81 AD3d at 647; *Matter of Paolo W.*, 56 AD3d 966, 967 [2008]). The mother did not rebut this presumption, instead admitting to using cocaine on more than one occasion while she was the children's custodial parent.

Accordingly, the Family Court properly found that the mother neglected the subject children. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur.