Matter of Yaqoob A.-S. (Bushra A.) (2024 NY Slip Op 03744)

Matter of Yaqoob A.-S. (Bushra A.)

2024 NY Slip Op 03744

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-06889
 (Docket No. N-1228-23)

[*1]In the Matter of Yaqoob A.-S. (Anonymous). Administration for Children's Services, respondent; Bushra A. (Anonymous), appellant.

Bushra A., Hollis, NY, appellant pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack and Mackenzie Fillow of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 27, 2023. The order granted the petitioner's motion for an educational override, denied the mother's motion to dismiss the petition for failure to state a cause of action alleging neglect and for the court to recuse itself from the proceeding, and denied the mother's motion to preclude a certain witness from testifying at a hearing.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. In an order dated June 27, 2023, the Family Court granted ACS's motion for an educational override, denied the mother's motion to dismiss the petition for failure to state a cause of action alleging neglect and for the court to recuse itself from the proceeding, and denied the mother's motion to preclude a certain witness from testifying at a hearing. The mother appeals.
"In determining whether to dismiss a petition in a child protective proceeding, the court must accept the allegations set forth in the petition as true and afford the petitioner the benefit of every favorable inference that can be drawn therefrom" (Matter of Autumn O. [Noah O.], 158 AD3d 696, 697; see Matter of Keira O., 44 AD3d 668). Here, the allegations against the mother were facially sufficient to state a cause of action alleging neglect and to warrant a fact-finding hearing (see Matter of Autumn O. [Noah O.], 158 AD3d 696).
The mother's contention that the Family Court was biased against her is without merit. The record contains no evidence of bias by the court (see Matter of George A.C. [Anthony C.], 223 AD3d 798).
The mother's contention challenging the Family Court's grant of ACS's motion for an educational override is without merit. Her contention challenging the denial of her motion to preclude a certain witness from testifying at a hearing is academic given that the witness did not testify.
Accordingly, we affirm the order.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court