■ RAYMOND A. BURCHELL, Respondent, v. MARGARET CIMENTI, Appellant. — Orders entered in Supreme Court, New York County: (1) on February 11, 1971, adjudging defendant in contempt and fining her the sum of $150; (2) on July 6, 1971, denying plaintiff's application to punish defendant for continued contempt and directing payment of the fine imposed by the aforesaid order of February 11, 1971; and (3) on July 8, 1971, denying defendant's motion to vacate the order of February 11, 1971, affirmed, without costs and without disbursements. Even though the orders appealed from concern a failure to answer interrogatories relating to a complaint that was subsequently dismissed, the fact is that defendant willfully disobeyed three lawful mandates of the court. Not having obtained a stay, she was obligated to obey the orders until vacated or reversed on appeal. (9 N. Y. Jur., Contempt, § 28.) The fact that she had an appeal pending is no excuse for her failure to obey. (*Matter of Cost*, 198 Misc. 782, affd. 277 App. Div. 1049, affd. 304 N. Y. 800; *People ex rel. Day* v. *Bergen*, 53 N. Y. 404; *Danziger* v. *Gottlieb*, 156 App. Div. 571.) Concur—Nunez, Kupferman and McNally, JJ.; Stevens, P. J., and Capozzoli, J., dissent in the following memorandum by Stevens, P. J.: Defendant appeals from three orders. As to defendant's appeal from the order entered July 8, 1971, I would reverse and grant defendant's motion to vacate a contempt judgment entered against defendant on February 11, 1971. At the time of entry of the February 11, 1971 judgment of contempt for failure by defendant to answer certain interrogatories, the action against defendant was no longer viable. On November 6, 1970, the answer of defendant had been stricken by order of the court, and summary judgment granted to plaintiff. Obviously, answering interrogatories pending at that time would have been a mere academic exercise which would serve no useful purpose. It follows then that on defendant's appeal from the order entered July 6, 1971 insofar as such order directed payment of the $150 fine imposed by the February 11, 1971 order, relief should be afforded defendant. The order as appealed from should be modified to delete the directive that defendant pay such fine. Defendant's appeal from the order of February 11, 1971 should be dismissed as academic in light of the foregoing dispositions recommended.