FIRST DEPARTMENT, APRIL, 1988

(April 5, 1988)

■ LILLIAN SERIL, Respondent, v BELNORD TENANTS ASSOCIA-
TION et al., Appellants.—Order of the Supreme Court, New
York County (Alvin F. Klein, J.), entered January 13, 1987,
which held defendant Thomas Vitullo-Martin in contempt of a
prior court order entered September 19, 1984 preliminarily
enjoining defendant Vitullo-Martin and other defendants from
conducting any activities, inspecting, examining, viewing, or
being on the roof of premises located at 201-225 West 86th
Street in Manhattan, unanimously reversed, on the law, the
contempt order vacated, and the matter remanded for further
proceedings, without costs.

Defendant appeals an order holding him in contempt of
court for violating a prior order preliminarily enjoining him,
defendant tenant association, and others acting on their be-
half from "going on to the roof" of 201-225 West 86th Street.

Appellant makes several arguments collaterally attacking
the validity of the prior order said to have been violated.
These may not be entertained since the prior order, jurisdic-
tionally valid, and never stayed during the time relevant
herein, had to be obeyed. (Margulies v Margulies, 42 AD2d
517, appeal dismissed 33 NY2d 894; Burchell v Cimenti, 38
AD2d 897; see also, 21 NY Jur 2d, Contempt, § 30, at 259-260.)
We note that the direct appeal from the prior order was
dismissed for failure to perfect.

It is not clear whether the order holding defendant in
contempt, which forms the proper focus of our attention on
this appeal, purports to cite defendant for civil or criminal
contempt. Respondent, however, concedes that she originally
sought an order holding defendant in civil contempt, and the
order itself cites as authority a civil case reciting the standard

401

of proof necessary to support a finding of civil contempt. We, therefore, deem the order as one for civil contempt. In a case of civil contempt, however, "the court must expressly find that the person's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to a civil proceeding". *(Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29; *see also, Powell v Clauss,* 93 AD2d 883; Judiciary Law § 753.) Because no such findings were made in this case, the contempt order, which merely states "the court finds defendant Thomas Vitullo-Martin in contempt", is fatally defective.

The order is further deficient for holding in abeyance the determination of defendant's punishment. *(Zirn v Bradley,* 263 App Div 724.) Although a contempt order may provide a party with an opportunity to purge the contempt, it cannot "defer, dependent upon future conduct, the determination of what punishment shall be inflicted." *(Supra;* 21 NY Jur 2d, Contempt, at 330.)

A review of the record does not afford a sufficient basis to determine whether defendant's presence on the roof was in fact a violation of the prior order. Appellant argues that his actions did not violate the order because he was an invitee of several tenants possessing a leasehold right to be on the roof. He also maintains that he went on the roof to accompany a team of housing inspectors, and that his conduct, therefore, fell within the emergency exception to the prior order's broad prohibition.

Accordingly, we remand for a resolution of these outstanding issues. If the court finds with the requisite specificity that the defendant violated the order, it may impose a sanction for civil contempt without delay. Concur—Murphy, P. J., Sandler, Carro, Milonas and Smith, JJ.