■ In the Matter of HEIDI S., a Child Alleged to be Neglected. EDWARD T., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a dispositional order of the Family Court, Queens County (Gage, J.), dated December 15, 1987, which, upon a finding that the child was neglected, placed the child with the Commissioner of Social Services of the City of New York for a period not to exceed 18 months.

Ordered that the order is affirmed, without costs or disbursements.

A child neglect proceeding was commenced against the father and his common-law wife alleging that the physical, mental or emotional condition of Heidi S., the then one-month-old daughter of the couple, had been impaired or was in imminent danger of becoming impaired as a result of the failure of her parents to exercise a minimum degree of care. The claim of neglect was based, *inter alia,* on the use of both heroin and cocaine by Heidi's parents and on a finding of neglect entered against the father by a California court.

Before fact-finding and dispositional hearings could be conducted, the father was extradited to California for incarceration on a robbery conviction. The hearings finally commenced on December 15, 1987, over objections by the father's counsel that to conduct the hearings in the father's absence would violate his due process rights. Gary Dix, a caseworker for the respondent and the only witness at the hearings, testified that Heidi's mother (who had previously consented to a finding that she had neglected Heidi) had reported to him that she and the father had, at one time "been doing drugs". The witness then read portions of the case record which reported that a California Family Court had made a finding of child neglect against the father based on his drug abuse just one month prior to Heidi's birth.

At the close of testimony, the Family Court made a finding of neglect against the father, and then placed Heidi with the Commissioner of Social Services of the City of New York for a period of 18 months.

The determination that Heidi was a neglected child was based on a preponderance of the evidence *(see,* Family Ct Act § 1046 [b]). The case record, which was properly admitted into evidence at the hearing, established that, at the time of her birth, Heidi was in danger of becoming impaired as a result of the father's failure to exercise a minimum degree of care *(see,* Family Ct Act § 1012 [f]; *Matter of James P.,* 137 AD2d 461; *Matter of Cruz,* 121 AD2d 901).

The father's contention that the Family Court violated his due process rights by conducting the fact-finding and dispositional hearings in his absence is without merit. Pursuant to Family Court Act § 1042, the Family Court may hear a child neglect petition even if the parent or other person legally responsible for the child's care is not present. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.