OPINION OF THE COURT
Norman Feiden, J.
Before the court is a neglect petition alleging that the *170 respondent, while pregnant with the child Naquann W., ingested cocaine, resulting in the said child being born with a positive toxicology for cocaine. (The other petitions are derivative petitions.)
The respondent now moves to dismiss the petitions pursuant to CPLR 3211 (a) (7). The gravamen of respondent’s motion is that a neglect petition, resulting in the birth of an impaired child, cannot be based on the prebirth conduct of the mother which impacted on the fetus. That is to say, the behavior of the mother herein while pregnant does not constitute a cause of action recognized under Family Court Act article 10. In support of her motion, respondent cites Roe v Wade (410 US 113), for the proposition that respondent’s "prenatal conduct” is constitutionally protected, and cannot be the basis for a neglect petition after the birth of the child.
The court views the petition as one alleging neglect of a child in esse, such neglect resulting from the intake of cocaine while the respondent was pregnant with the said child. The court rejects respondent’s claim that her behavior while the fetus developed, which behavior subsequently impacted on the child, may not be the basis of a neglect proceeding.
It is a basic rule of common law that one’s actions instant may have consequences at a later time. A man, for instance, who had relations with a woman who subsequently bears his child, only becomes responsible for the support of that child at such time as the child is born alive (Family Ct Act arts 4, 5).
Similarly, in tort, the law recognizes that a surviving child has a right to recover for tortiously inflicted prenatal injury (Woods v Lancet, 303 NY 349). This has been further elucidated to mean that there is a "conditional prospective liability” created when an unborn child is born harmed through the wrongful act of a defendant. Such liability attaches only upon fulfillment of the condition that the child be born alive (Endresz v Friedberg, 24 NY2d 478). Also, a doctor is liable for his negligent actions with regard to a child in útero, such liability only ripening to a cause of action if the child is born alive. Therefore, a fetus, a child in útero, is owed a duty by those who come into contact with such fetus. When the child is born alive, such duty ripens into a cause of action if the child is injured, whether willfully or accidentally (Kelly v Gregory, 282 App Div 542). Indeed, the cases most analogous to that before this court are those that establish a doctor’s and/or a drug company’s liability when the doctor gives the *171 mother a drug, causing the child to be born with an injury or defect (Bichler v Lilly & Co., 55 NY2d 571).
In the matter at bar, the mother, by ingesting a dangerous controlled substance during the gestation period of the child, has been charged with neglect. Just as a cause of action against the doctor only arises if the child is born with a defect (Endresz v Friedberg, supra), the petition against the mother is only sustainable if the petitioner proves that the child tested with a positive toxicology after its birth. If the mother herein has committed acts which have impaired the physical, mental or emotional condition of her child by misusing drugs, then there can be a finding of neglect. This simply brings the law of this State into accord with the demand of natural justice, which requires recognition of the legal right of every human being to begin life unimpaired by physical, mental or emotional defects resulting from the neglectful acts of the parent (Woods v Lancet, supra).
Family Court Act article 10 "is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met” (Family Ct Act § 1011), and permits this proceeding. The mandate of this statute allows a permissible invasion of the otherwise protected special relationship of parent and child for the protection of the child.
Taking the allegations of the petition as true, as the court must, on a motion to dismiss the petition (Tobin v Grossman, 24 NY2d 609), the petition states facts sufficient which if proven upon trial by a preponderance of the evidence (Family Ct Act § 1046 [b]), would warrant a finding of neglect by the court.
Accordingly, the motion to dismiss is denied.