■ In the Matter of THERESA J. and Others, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant, v PATRICIA J., Respondent.—

This is a neglect proceeding, brought pursuant to article 10 of the Family Court Act, which alleges that respondent's three children are neglected by respondent's misuse of drugs. Section 1012 (f) (i) (B) of the Family Court Act defines a neglected child to include one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" by the failure of a parent or guardian to exercise a minimum degree of care "by misusing a drug or drugs".

The only person to testify was a social worker. In addition, a hospital record of suspected abuse or maltreatment was introduced.

The evidence revealed that while respondent was in the hospital to have one of the children who was the subject of this petition, she tested positive for cocaine. Because the baby was born prematurely, had renal failure and died, no urine could be collected from her in order to test for addiction. The

mother admitted to cocaine use "once in a while", including the night before she delivered the premature baby. The respondent also stated to the social worker that she was not in a drug treatment program but was amenable to entering one.

The positive testing for cocaine, the admitted drug use, the proximity of drug use to the premature birth of an infant and the respondent's willingness to enter a treatment program establish a prima facie case of neglect. Moreover, there was some indication in the record that since the filing of this neglect petition, respondent may have been arrested for drug possession. While an objection to this testimony was sustained, it is incumbent upon the petitioner to provide the fact-finding court with any relevant information on the allegations of child neglect.

Finally, in view of the fact that respondent maintains visiting rights with her two surviving children, the fact that they are residing with their father does not render this appeal moot. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.

Rubin, J., concurs in part and dissents in part in a memorandum as follows: While I concur with the majority that the matter should be remanded for a continued fact-finding hearing, I do not agree that a prima facie case of neglect was established.

Proof of repeated misuse of drugs is prima facie evidence that a child is neglected (Family Ct Act § 1046 [a] [iii]). If petitioner is unable to establish repeated misuse of drugs by respondent, a finding of neglect may be proven based on misuse of a drug *and* that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). Respondent's admission to the case worker that she smoked cocaine "once in a while, not often", does not make out repeated misuse of a drug. The fact that respondent tested positive for cocaine and admitted using the drug one day before the youngest child's premature birth cannot establish a prima facie case of neglect in the absence of medical testimony proving that there is a causal connection between respondent's drug intake and the baby's death or that respondent is an addict.

Respondent's admission is sufficient to prove misuse of a drug, but petitioner has failed to establish that the children are in imminent danger of becoming impaired. After interviewing respondent in her home, the caseworker noted that the mother did not appear to be under the influence of drugs

and that the children were clean and healthy. However, in view of the indication that she may have been subsequently arrested and convicted on a drug charge, a further hearing is warranted to determine whether a finding of neglect may be established on that basis.