■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MIRANDA H., Respondent, v LAQUETTA H., Appellant. [595 NYS2d 97] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a dispositional order of the Family Court, Nassau County (Capilli, J.), entered May 6, 1992, which, after a hearing, found that there was reason to believe that she neglected her daughter, and placed the daughter in the custody of the Nassau County Department of Social Services.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At issue herein is whether or not the Family Court properly ordered the temporary removal of the mother's two-week-old child after a determination that the removal was necessary to avoid imminent risk to the child's life or health *(see,* Family Ct Act § 1027). At the fact-finding hearing, testimony was adduced that the mother had regularly consumed alcohol, marihuana, and crack cocaine throughout her pregnancy. The petitioner introduced into evidence positive cocaine toxicology reports, taken at the time of the infant's birth, on both the mother and the newborn infant. In addition, the court took judicial notice of the fact that, at the time the petition was filed, the mother's three other children were already in foster care for 11 months as a result of prior findings of neglect against the mother.

Contrary to the mother's contentions on appeal, we find that this proof constituted prima facie evidence that the infant was neglected *(see,* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]; *Matter of Stefanel Tyesha C.,* 157 AD2d 322, 326-327; *Matter of Theresa J. v Patricia J.,* 158 AD2d 364). We

also find that the mother failed to establish that she regularly participated in a recognized rehabilitative drug program so as to rebut the statutory presumption of neglect *(see,* Family Ct Act § 1046 [a] [iii]).

Moreover, the court properly considered the mother's prior neglect of the infant's three siblings in reaching its determination with respect to the infant at bar *(see,* Family Ct Act § 1046 [a] [i]). In view of the evidence which demonstrated that the mother had abused drugs throughout her pregnancy, it is clear the mother failed to exercise proper judgment so as to protect the infant from physical harm or impairment *(see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Cruz,* 121 AD2d 901). It is also clear that the mother's drug problem has in no way abated since the prior findings of neglect.

The evidence adduced clearly established neglect by a preponderance of the evidence, and temporary removal of the infant was warranted so as to avoid imminent risk to her life or health *(see,* Family Ct Act § 1046 [b]; § 1027).

We have considered the mother's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.