■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DANTE M., Respondent, v DENISE J., Appellant. (Proceeding No. 1.) In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DANTIA M., Respondent, v DENISE J., Appellant. (Proceeding No. 2.) [614 NYS2d 423] —In child protective proceedings pursuant to Family Court Act article 10, the mother appeals from a dispositional order of the Family Court, Nassau County (De-Maro, J.), entered September 20, 1991, which, upon a fact-finding order of the same court, also entered September 20, 1991, made after a hearing, finding that she had neglected her children, directed, *inter alia,* that the mother be placed under the supervision of the Nassau County Department of Social Services for a period of one year. The appeal from the dispositional order brings up for review the fact-finding order entered September 20, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The record reveals that there was sufficient proof adduced to support the determination that the defendant's children were neglected within the meaning of Family Court Act article 10. Specifically, Family Court Act § 1012 (f) (i) (B) defines a neglected child to include one "whose physical * * * condition has been impaired or is in imminent danger of becoming impaired" by the failure of a parent to exercise a minimum degree of care "by misusing a drug or drugs". At the fact-finding hearing the court received into evidence positive cocaine toxicology reports, taken at the time of the younger child's birth, on both the mother and the newborn child. In addition, the infant's medical records revealed that an extended post-birth stay in the hospital was necessitated due to the child's low birth weight. There was also unrebutted testimony from a Department of Social Services caseworker that the mother had admitted to a past history of drug abuse, as a result of which, she had placed two of her older children in the guardianship of her mother.

Under these circumstances, the petitioner established, by a

preponderance of the evidence, that the children in question were neglected. The Family Court appropriately directed that the mother be placed under the supervision of the Nassau County Department of Social Services for a one-year period *(see, Matter of Nassau County Dept. of Social Servs. [Miranda H.] v Laquetta H.,* 191 AD2d 567; *Matter of Stefanel Tyesha C.,* 157 AD2d 322; *Matter of Theresa J. v Patricia J.,* 158 AD2d 364; *Matter of Department of Social Servs. [Mark S.] v Felicia B.,* 144 Misc 2d 169).

We have considered the mother's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.