[648 NYS2d 662]

In the Matter of WALLACE STURM, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 21, 1996

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Leo J. Kimmel,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on March 27, 1957. By decision and order of this Court dated November 28, 1994, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 *(l)* (1) (i), until the further order of this Court, upon a finding that he was guilty of professional misconduct immediately threatening the public interest, based upon his failure to cooperate with the legitimate investigation of the Grievance Committee. By opinion and order of this Court dated January 30, 1995 (207 AD2d 230), the respondent's resignation from the Bar was accepted, he was disbarred, and his name was stricken from the roll of attorneys and counselors-at-law.

The motion to adjudicate the respondent in contempt emanates from his failure to advise a potential client that he had been suspended and subsequently disbarred and that he continued to hold himself out as an attorney and counselor-at-law.

In accordance with this Court's directive, the petitioner served the respondent with a statement of charges on which the motion for contempt was based. The specification of Contempt Charges, dated December 26, 1995, states that the respondent was retained by Tashem Jackson, in or about August 1993, to transfer a deed. The suspension order of November 28, 1994 commanded that respondent desist and refrain from practicing law and properly advise all clients of his suspension and consequent inability to act as an attorney.

On December 9, 1994, the respondent submitted an affidavit to the Grievance Committee attesting that he had notified each client that he represented in pending matters, other than litigated or administrative matters, of his suspension and his inability to act as an attorney and advised them to seek legal representation elsewhere. The respondent nevertheless failed to advise Tashem Jackson that he had been suspended.

On February 3, 1995, the respondent was served with a copy of the order disbarring him, along with Rules of the Appellate Division of the Supreme Court in the Second Judicial Depart-

ment (22 NYCRR) § 691.10. The order of disbarment commanded the respondent to continue to desist and refrain from practicing law and to promptly notify all clients of his disbarment. The respondent failed to submit to either the Grievance Committee or this Court an affidavit indicating that he was in compliance with the disbarment order of January 30, 1995. He failed to advise Tashem Jackson that he had been disbarred.

In or about February 1995, the respondent advised Ms. Jackson that he was "retired", working from home, was still working on her case, and that he would transfer the subject deed within a short time. Between February 1995 and August 1995, the respondent repeatedly represented to Ms. Jackson that he was continuing to work on her case.

This conduct constituted a willful disobedience of the lawful mandate of this Court.

At the hearing before Special Referee Becker, the respondent indicated that he had submitted an affidavit of compliance after his suspension but did not realize that he also had to submit one after his disbarment. The respondent otherwise admitted paragraphs one through thirteen of the specification of charges. While the respondent admits that he failed to notify Ms. Jackson of his suspension and disbarment, he seeks to excuse this omission by claiming that he did not have a file for her. He further admits that as of his suspension in November 1994, he had still not recorded Ms. Jackson's deed with the County Clerk. However, he allegedly believed that the legal work was concluded.

In essence, the respondent contends that the incident relating to Ms. Jackson involved an innocent, nonlegal, ministerial act intended to assist her. He did not intend to knowingly and deliberately violate any orders of this Court.

Notwithstanding the mitigation offered by the respondent, the Special Referee found him to be in contempt of court. The Special Referee specifically found that the respondent held himself out to be a retired attorney when, in fact, he had no such authority, that he continued to practice law after his disbarment, that he failed to notify all of his clients of his suspension and ensuing disbarment, and that he failed to file an affidavit of compliance with this Court subsequent to his disbarment.

Upon our review of the evidence adduced, we conclude that the respondent is guilty of contempt of court. Accordingly, the Grievance Committee's motion to confirm the Special Referee's

report is granted to the extent that the respondent is adjudged to be in criminal contempt of this Court's order of disbarment, and that branch of the Grievance Committee's motion which is to adjudge the respondent to be in civil contempt of court is denied. The respondent should not be adjudicated in civil contempt inasmuch as there was no showing that his actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to a civil proceeding (see, Judiciary Law § 753; *Seril v Belnord Tenants Assn.,* 139 AD2d 401; *Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29).

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including that his wrongful use of the word "retired" was not intended to deceive but, rather, to avoid further shame, that he was distraught upon receiving the order of disbarment and was unaware of its notification requirements, and that he is in poor physical and mental health. Nevertheless, the respondent forfeited his license to practice law by engaging in professional misconduct. His present state of affairs does not excuse his deliberate violation of the Court's directives. Accordingly, the respondent is adjudged guilty of criminal contempt in violation of Judiciary Law § 750 (A) (3) and is fined $750, or, in the alternative, is directed to serve a term of 10 days' incarceration.

Mangano, P. J., Bracken, Rosenblatt, Miller and Sullivan, JJ., concur.

Ordered that those branches of the petitioner's motion to confirm the Special Referee's report, to adjudge the respondent to be in criminal contempt of the orders of this Court, dated November 28, 1994 and January 30, 1995, suspending him pursuant to 22 NYCRR 691.4 *(l)* (1) (i) and disbarring him from the practice of law, are granted, the respondent is adjudged to be in criminal contempt of court, and that branch of the petitioner's motion which is to adjudge the respondent to be in civil contempt of court is denied; and it is further,

Ordered and adjudged that the respondent is guilty of criminal contempt of court by reason of his willful disobedience of the orders of this Court dated November 28, 1994 and January 30, 1995, and for his continuing to hold himself out as an attorney and counselor-at-law; and it is further,

Ordered and adjudged that upon his conviction of criminal contempt of court, the respondent shall pay a fine in the sum of $750, and in default in the payment thereof within 30 days after service upon him of a copy of this opinion, order, and

judgment with notice of entry, he shall be imprisoned in an institution under the jurisdiction of the Commissioner of Correction of the City of New York for 10 days.