■ In the Matter of ZIAIRE M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MALIKA M., Appellant, et al., Respondent. [766 NYS2d 98] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated September 10, 2001, which, upon a fact-finding order of the same court dated July 16, 2001, made after a hearing, finding that she had neglected the subject child, suspended judgment and paroled the child to the custody of the maternal grandparents for a period of up to 12 months under the petitioner's supervision. The appeal brings up for review the fact-finding order dated July 16, 2001.

Ordered that the appeal from so much of the order of disposition as paroled the child to the custody of the maternal grandparents for a period of up to 12 months under the petitioner's supervision is dismissed as academic, without costs or disbursements, as that portion of the order has expired by its own terms; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as paroled the child to the custody of the maternal grandparents

for a period of up to 12 months must be dismissed as academic because that portion of the order has expired by its own terms. However, the adjudication of neglect has not been rendered academic (*see Matter of Francis S.,* 296 AD2d 507 [2002]).

The Family Court's finding of neglect was supported by evidence of the child's positive toxicology for marihuana at birth and the mother's repeated and habitual use of marihuana and her failure to participate in a drug rehabilitation program (*see Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.,* 87 NY2d 73; *Matter of Sharonda S.,* 301 AD2d 532, 534 [2003]; *Matter of Sidney S.,* 292 AD2d 534 [2002]).

The mother's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.