■ Donna Russell, Individually and as Parent and Guardian of Taudrianna Gaton, an Infant, Respondent, v Carlos T. Tejada et al., Defendants. New York State Department of Health, Appellant. [771 NYS2d 747]—

Crew III, J. Appeals (1) from an order of the Supreme Court (Spargo, J.), entered December 11, 2002 in Ulster County, which, inter alia, granted plaintiff's motion to compel production of documents by the Department of Health, and (2) from an order of said court, entered January 9, 2003 in Ulster County, which denied a request by the Department of Health to amend the above order.

During the course of the underlying medical malpractice action, Supreme Court issued a subpoena duces tecum directing the Department of Health to produce records maintained by the Office of Professional Medical Conduct relating to defendant Carlos T. Tejada. Upon being advised at trial that the Department had only partially complied with its order, Supreme Court issued an order requiring the Department to produce its entire file on December 11, 2002. On December 10, 2002, the parties to the underlying malpractice action stipulated to a settlement and Supreme Court discharged the jury. On December 11, 2002, the Department appeared before Supreme Court and moved to vacate Supreme Court's December 9, 2002 order requiring it to produce its entire file for inspection and to quash the subpoena. Supreme Court denied that motion, as well as the Department's subsequent request that the court amend its December 11, 2002 order, and these appeals ensued.

While it is clear that, absent a stay, parties are obligated to obey a court's order until it is vacated or reversed (*see Margulies v Margulies*, 42 AD2d 517 [1973], *appeal dismissed* 33 NY2d

894 [1973]), inasmuch as the underlying malpractice action settled prior to the return date of Supreme Court's order, it was an abuse of discretion to deny the Department's motion to vacate the order and quash the subpoena. Our conclusion in this regard renders the Department's appeal from the denial of its motion to amend academic.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the appeal from the order entered December 11, 2002 is reversed, on the law, without costs, plaintiff's motion to compel denied, Department of Health's motion to vacate granted and subpoena quashed. Ordered that the appeal from the order entered January 9, 2003 is dismissed, as academic, without costs.