■ In the Matter of JOCELYN S. and Others, Children Alleged to be Neglected. MICHELLE S., Appellant; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent. [817 NYS2d 43]—

Orders of disposition, Family Court, New York County (Jody Adams, J.), entered on or about May 19, 2003, which, after a fact-finding hearing, adjudged respondent mother to have neglected the children and placed them in the care of their maternal grandmother, unanimously affirmed, without costs.

Contrary to respondent's contentions, the hearing court's neglect determination was based on more than positive toxicology. Respondent reportedly admitted to a caseworker that she had been using both marijuana and cocaine since December 1999. In addition to testimony of respondent's use of narcotics for years, petitioner agency established that respondent did not receive any prenatal care during her pregnancy with Jonathan R. She admitted having abused drugs on at least two occasions while pregnant, including the date of delivery. She and the child tested positive for both marijuana and cocaine. Thereafter, respondent was enrolled in a drug treatment program at the insistence of the investigating caseworker. Respondent attended these classes only sporadically, notwithstanding the consequences of nonattendance. She eventually stopped attending altogether.

Relying on the assessment of the caseworker as to respondent's prior drug abuse (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]), and taking into account the content of the hospital charts, respondent's admitted drug abuse during pregnancy and her failure to comply with her drug treatment program, the court found a preponderance of evidence supporting a finding of neglect (*see* Family Ct Act § 1012; *Matter of Theresa J.*, 158 AD2d 364 [1990]), as well as derivative neglect of the other children (*Matter of Hunter YY.*, 18 AD3d 899 [2005]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.