■ In the Matter of DANTE DEVON A., a Child Alleged to be Permanently Neglected. CONFESSOR A., Appellant; THE CHILDREN's AID SOCIETY, Respondent. [859 NYS2d 168]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about June 13, 2007, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed his custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supported the determination

that the father permanently neglected the subject child by failing to plan for his future despite the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]). The record shows that the father failed to adhere to the service plan, submit to drug testing, visit the child regularly, and obtain the necessary training to properly care for the child's medical condition. Notably, it was the failure to properly attend to the child's medical condition that prompted placement of the child in foster care (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]). An agency that demonstrates its diligence, but faces an uncooperative parent, is deemed to have fulfilled its duty (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *Matter of LeBron*, 140 AD2d 276, 278 [1988]).

The evidence at the dispositional hearing was preponderant that the best interests of the child would be served by terminating the father's parental rights so as to facilitate the child's adoption by his foster mother, who is also his paternal aunt, with whom he has lived half of his life (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child has a good relationship with the other children in the home and the foster mother has properly cared for his medical condition, resulting in the child making improvements both behaviorally and academically. The circumstances presented do not warrant a suspended judgment. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.