■ In the Matter of ANASTASIA G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MICHAEL G., Appellant. [861 NYS2d 126]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Richmond County (DiDomenico, J.), dated November 21, 2007, which, after a hearing, found that he had neglected the subject child.

Ordered that the fact-finding order is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Family Court Act § 1012 provides, in relevant part, that " 'Neglected child' means a child less than eighteen years of age . . . whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship . . . *or by misusing a drug or drugs*" (emphasis added).

Family Court Act § 1046 provides, in pertinent part, that: "(a) [i]n any hearing under this article . . . proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, *to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program*" (emphasis added).

In a fact-finding hearing, any determination that a child is abused or neglected must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Only competent, material, and relevant evidence may be admitted into evidence at a fact-finding hearing (*see* Family Ct Act § 1046 [b] [iii]).

Here, the only evidence proffered by the petitioner that the Family Court could properly consider, since it had ruled certain other evidence inadmissible, was the testimony of one caseworker from the Administration for Children's Services (hereinafter ACS). On this record, we conclude that the testimony of the caseworker was insufficient to support, by a preponderance of the evidence, the Family Court's finding that the father ne-

glected the subject child (*see generally Matter of Tomieke Y.*, 32 AD3d 1041, 1042 [2006]). The caseworker testified that the father admitted during a telephone conversation that he used drugs. However, no evidence was elicited as to the type of drugs the father used, the duration, frequency, or repetitiveness of his drug use, or whether he was ever under the influence of drugs while in the presence of the subject child (*see Matter of Stefanel Tyesha C.*, 157 AD2d 322, 326 [1990]).

The petitioner failed to establish a prima facie case of neglect against the father because there was no evidence that he "repeatedly [misused] a drug or drugs . . . to the extent that it has or would ordinarily have the effect of producing . . . a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality" (Family Ct Act § 1046 [a] [iii]). Moreover, absent evidence of repetitive drug use, the petitioner failed to proffer any evidence that the subject child's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jennifer N.*, 173 AD2d 971, 972 [1991]; *Matter of Stefanel Tyesha C.*, 157 AD2d at 327). In the absence of any evidence of repeated drug use by the father or that the subject child had been impaired or was in imminent danger of impairment, the fact that the father was not enrolled in a drug treatment program is insufficient to establish a prima facie case of neglect (*see Matter of Keira O.*, 44 AD3d 668, 670 [2007]). Accordingly, the record was insufficient to support a finding of neglect pursuant to Family Court Act § 1012 (f) (i) (B) (*cf. Matter of Keira O.*, 44 AD3d 668, 670 [2007]; *Matter of Sharonda S.*, 301 AD2d 532, 534 [2003]; *Matter of Krewsean S.*, 273 AD2d 393, 394 [2000]; *Matter of Nassau County Dept. of Social Servs. v Denise J.*, 206 AD2d 372 [1994]; *Matter of Heidi S.*, 151 AD2d 578, 579 [1989]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.