■ In the Matter of ROLAND NOELE B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; TWUANA B., Appellant. [886 NYS2d 831]—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Gruebel, R.) dated May 6, 2008, as, after a permanency hearing, changed the permanency goal for the subject

child from "return to parent" to "free for adoption," denied her motion to terminate the placement of the subject child in foster care, and granted that branch of the motion of the Administration for Children's Services which was to direct that her visitation with the subject child be supervised.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court did not improvidently exercise its discretion in changing the permanency goal for the subject child from "return to parent" to "free for adoption," or in denying the mother's motion to terminate the placement of the child in foster care. The Family Court's determination in a neglect proceeding where issues of credibility are presented is entitled to great deference on appeal, as the court saw and heard the witnesses (*see Matter of Stefani C.,* 61 AD3d 681 [2009]; *Matter of H. Children,* 276 AD2d 485 [2000]). There is no basis to disturb the Family Court's determinations in this instance.

Further, the Family Court's determination that supervised visitation was in the child's best interests has a sound and substantial basis in the record, and should not be disturbed (*see Matter of Sinnott-Turner v Kolba,* 60 AD3d 774 [2009]).

The appellant's remaining contention is without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.