■ In the Matter of LINDSEY BB. and Another, Neglected Children. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUTH BB. et al., Appellants. (Proceeding No. 1.) In the Matter of LINDSEY BB. and Another, Neglected Children. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK BB., Appellant. (Proceeding No. 2.) In the Matter of LINDSEY BB. and Another, Neglected Children. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUTH BB., Appellant. (Proceeding No. 3.) [898 NYS2d 308]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered April 27, 2009, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10-A, to extend the placement of

respondents' children, (2) from an order of said court, entered April 27, 2009, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to hold respondent in willful violation of prior court orders, and (3) from an order of said court, entered April 27, 2009, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 10, to hold respondent in willful violation of prior court orders.

Respondents in proceeding No. 1, Ruth BB. (hereinafter the mother) and Mark BB. (hereinafter the father), are the parents of a daughter (born in 1992) and a son (born in 1994). The children were removed and placed in foster care, and we recently affirmed Family Court's determination that respondents had neglected both (*Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d 1205 [2010]). Petitioner thereafter filed violation petitions against the father (proceeding No. 2) and the mother (proceeding No. 3), alleging numerous violations of, among other things, the order of disposition. Petitioner also submitted a permanency hearing report in proceeding No. 1 that, despite noting respondents' numerous failures to abide by the dispositional order, proposed a permanency planning goal of returning the children to them. Following a combined hearing, Family Court found that respondents had willfully violated prior orders and directed that petitioner file termination of parental rights petitions against them. The court further rejected the proposed permanency planning goal and absolved petitioner of its responsibility to make reasonable efforts to reunify the family, and it ultimately issued a permanency hearing order approving an amended report that set forth a goal of placement for adoption. Respondents separately appeal from the violation orders, as well as the permanency hearing order.

Initially, petitioner established by clear and convincing evidence that respondents willfully violated the order of disposition and orders requiring them to submit to drug testing (*see* Family Ct Act § 1072; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). Respondents admitted that they had failed to comply with the orders by, among other things, refusing to undergo drug tests, attend counseling and other mandated programs, and execute releases that would allow petitioner to confirm their wholly unsubstantiated claims that they underwent required substance abuse evaluations. Aside from sheer intransigence, the only explanation offered for their conduct was that they were awaiting the outcome of their appeal from the neglect determination prior to complying. Respondents were obliged to obey that determination and other orders emanating

from it absent a stay, however, and Family Court properly found that their failure to do so was willful (see *State of New York v Rosse*, 18 AD3d 982, 983-984 [2005]; *Russell v Tejada*, 4 AD3d 661, 661 [2004]; *Burchell v Cimenti*, 38 AD2d 897 [1972]).

Turning to the permanency hearing order, Family Court was empowered to modify the permanency goal for the children (see Family Ct Act § 1089 [d] [2] [i]; [e]; *Matter of Rebecca KK.*, 55 AD3d 984, 986 [2008]), and respondents' wholesale failure to engage in services since the children entered foster care provided a sound and substantial basis in the record for its decision to do so here (see *Matter of Patrice S.*, 63 AD3d 620, 621 [2009]; *Matter of Rebecca KK.*, 55 AD3d at 986; *Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005 [2006]). Likewise, that failure provided "reasonable cause to believe that grounds for termination of parental rights exist[ed]" against them, and Family Court appropriately directed petitioner to file termination petitions (Family Ct Act § 1089 [d] [2] [viii] [E]; see Social Services Law § 384-b [4] [d]; [7] [a], [c]; *Matter of Dante Devon A.*, 52 AD3d 241, 241-242 [2008]; *Matter of Israel Zacarias G.*, 306 AD2d 106, 106-107 [2003]). Nor are we persuaded by respondents' unpreserved argument that Family Court erroneously refused to conduct a permanency hearing following the issuance of the amended permanency hearing report.[1]

We do, however, agree with respondents that Family Court improperly granted petitioner's application to be relieved of its obligation to make reasonable efforts to return the children to respondents' home. Petitioner's request for that relief was procedurally improper, as its application was not in writing and there is no indication that the issue was raised prior to the combined permanency and violation hearing (see Family Ct Act § 1039-b [a], [b] [1]; *Matter of Damion D.*, 42 AD3d 715, 716 [2007]).[2] In any event, the application should have been denied on the merits, as the requisite showing of aggravated circumstances was not made (see Family Ct Act § 1039-b [b] [1]). Inasmuch as this case solely involves issues of neglect, that finding must be based upon sworn admissions from respondents that their uncooperative behavior would continue in the future, despite a warning that those admissions "could eliminate the

---

1. The mother's related constitutional challenge to Family Ct Act § 1089 is not properly before us due to her failure to either raise it before Family Court or provide the requisite notice to the Attorney General (see Executive Law § 71 [3]; *Matter of Coleman v Thomas*, 295 AD2d 508, 509 [2002]).

2. While the mother did not object to the application, both the father and the Law Guardian did, and we will exercise our discretion with respect to this issue (see *Matter of Damion D.*, 42 AD3d at 716; cf. *Matter of Stephiana UU.*, 66 AD3d 1160, 1164 [2009]).

requirement that [petitioner] provide reunification services to the parent" (Family Ct Act § 1012 [j]). Neither the warning nor the admissions occurred here, and a finding of aggravated circumstances was therefore inappropriate.

Lastly, we are unpersuaded that further proceedings should be conducted before a different Family Court judge.

Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order entered April 27, 2009 in proceeding No. 1 is modified, on the law and the facts, without costs, by reversing so much thereof as relieved petitioner of its obligation to make reasonable efforts to reunite the children with respondents; petition denied to that extent; and, as so modified, affirmed. Ordered that the orders entered April 27, 2009 in proceedings No. 2 and 3 are affirmed, without costs.