■ In the Matter of LATRELL S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE K., Appellant. (Proceeding No. 1.) In the Matter of TIMMIA S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE K., Appellant. (Proceeding No. 2.) In the Matter of LATRELL S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIMMIE S., Appellant. (Proceeding No. 3.) In the Matter of TIMMIA S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIMMIE S., Appellant. (Proceeding No. 4.) [914 NYS2d 645]—

In related child neglect proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffman, J.), dated January 7, 2010, as, after fact-finding and dispositional hearings, found that he neglected the subject children and placed the subject children under the supervision of the Suffolk County Department of Social Services, subject to certain conditions, and the mother separately appeals, as limited by her brief, from so much of the same order as, after the fact-finding hearing, found that she neglected the subject children and, upon the denial of her applica-

tion for an adjournment of the dispositional hearing, and upon her default in appearing at the dispositional hearing, placed the subject children under the supervision of the Suffolk County Department of Social Services, subject to certain conditions.

Ordered that mother's appeal from so much of as the order as placed the subject children under the supervision of the Suffolk County Department of Social Services, subject to certain conditions, is dismissed, as no appeal lies from a portion of an order entered on the default of the appealing party (*see* CPLR 5511; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]; *Matter of Geraldine Rose W.*, 196 AD2d 313 [1994]); and it is further,

Ordered that the order is affirmed insofar as reviewed on the mother's appeal and insofar as appealed from by the father, without costs or disbursements.

Contrary to the contention of the parents, the Family Court's determination that they neglected the subject children by virtue of their drug use is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Ayana Jean L.*, 23 AD3d 472, 473 [2005]; *Matter of Ziaire M.*, 309 AD2d 938, 939 [2003]).

The granting of an adjournment for any purpose rests in the sound discretion of the trial court, upon consideration of all relevant factors (*see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]). The Family Court did not improvidently exercise its discretion in denying the mother's motion for an adjournment of the dispositional hearing (*see Matter of Nicholas S.*, 46 AD3d 830 [2007]; *Matter of Venditto v Davis*, 39 AD3d at 555; *Matter of Paulino v Camacho*, 36 AD3d at 822; *Matter of Sicurella v Embro*, 31 AD3d at 651).

Contrary to the father's contention, we find no basis to disturb the Family Court's determination to place the subject children under the supervision of the Suffolk County Department of Social Services, subject to certain conditions (*see generally Matter of Roland Noele B.*, 66 AD3d 1008, 1009 [2009]; *Matter of Heidi S.*, 151 AD2d 578, 579 [1989]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.