(January 31, 2013)

◼ In the Matter of JEFFREY M., a Child Alleged to be Neglected. NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NOEMI C., Respondent. [959 NYS2d 59]—

Order, Family Court, Bronx County (Anne-Marie Jolly, J.), entered on or about March 31, 2011, which dismissed the neglect petition against respondent mother, unanimously affirmed, without costs.

Respondent is the mother of Jeffrey M., who was born in 2000. In September 2010, petitioner, the Administration for Children's Services (ACS), filed a neglect petition against respondent pursuant to Family Court Act article 10. The petition alleged that Jeffrey's physical, mental or emotional condition had been impaired, or was in imminent danger of becoming impaired, by the mother's misuse of drugs without attending a rehabilitation program, and by her failure to provide him with adequate food, clothing, shelter, proper supervision or guardianship.

ACS's caseworker, who was the only witness at the fact-finding inquest, testified that she commenced a child protective investigation upon receipt of a report from the State Central Register of Child Abuse and Maltreatment. In the course of the investigation, the caseworker visited and found respondent alone and living in a squalid abandoned building on August 26, 2010. When questioned about Jeffrey's whereabouts, respondent told the caseworker that the child had been living with his maternal aunt and grandmother since September 2009 when she became ill with lupus and lost her apartment. Respondent stated that Jeffrey occasionally visited her at the abandoned building. Respondent admitted to the caseworker that she used marijuana and crack cocaine and supported herself by means of panhandling and prostitution. Respondent stated, however, that she never used or was under the influence of drugs while around Jeffrey.

The caseworker interviewed Jeffrey at his school on August 30, 2010. Jeffrey confirmed that he was living with his

grandmother and aunt and enjoyed doing so. Jeffrey stated that he occasionally visited respondent at the abandoned building. Jeffrey added that he had never seen his mother with drugs or alcohol. When interviewed by the caseworker, Jeffrey's grandmother and aunt said he was doing well under their care and attending school. The record from respondent's health care provider indicated that respondent was depressed, suffering from lupus, using cocaine and was subject to mood swings. At the conclusion of the fact-finding inquest, Family Court dismissed the petition upon finding that petitioner failed to meet its burden of establishing that respondent had neglected Jeffrey. We affirm.

Insofar as relevant, Family Court Act § 1012 (f) provides as follows: " 'Neglected child' means a child less than eighteen years of age . . . whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship . . . or by misusing a drug or drugs" (§ 1012 [f] [i] [B]). Family Court Act § 1046 provides, in relevant part, that "[i]n any hearing under this article . . . proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program" (§ 1046 [a] [iii]). In a fact-finding hearing, any determination that a child is abused or neglected must be based on a preponderance of the evidence (Family Ct Act § 1046 [b] [i]). We conclude that the petition was properly dismissed because the caseworker's testimony and the medical record in evidence were insufficient to support, by a preponderance of the evidence, a determination that respondent neglected the subject child. Although respondent's living conditions were unsuitable, the record presents no basis for a conclusion that Jeffrey's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a result of his occasional exposure to the environment in which his mother lived (see Family Ct Act § 1012 [f] [i]). In this case, the child was thriving under the care of his aunt and

grandmother. The record is similarly insufficient to establish a prima facie case of neglect under Family Court Act § 1046 (a) (iii) because, as noted above, the caseworker's investigation disclosed that respondent neither used or was under the influence of drugs in Jeffrey's presence.

Moreover, there is no evidence of the frequency of respondent's drug use (*see e.g. Matter of Anastasia G.*, 52 AD3d 830, 832 [2d Dept 2008]). Concur—Gonzalez, P.J., Saxe, DeGrasse and Freedman, JJ.