■ In the Matter of DICEIR D.R.R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAKEYIA J., Appellant. (Proceeding No. 1.) In the Matter of DAVID J., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAKEYIA J., Appellant. (Proceeding No. 2.) In the Matter of DISHON T.R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAKEYIA J., Appellant. (Proceeding No. 3.) [980 NYS2d 922]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Yuskevich, Ct. Atty. Ref.), dated August 15, 2012, as, after a permanency hearing, changed the permanency goal for the subject children from return to parent to placement for adoption and directed supervised visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Given the length of time that the subject children remained in foster care and the mother's failure to avail herself of numerous referrals by a family services agency for mental health treatment and parenting skills classes or to address the reasons the subject children placed in foster care in the first instance, the petitioner met its burden of establishing, by a preponderance of the evidence, that the determination to change the permanency goal for the subject children from return to parent to placement for adoption was in the best interests of the subject children (*see Matter of Tsulyn A. [Deborah A.]*, 90 AD3d 748 [2011]; *Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162 [2010]; *Matter of Patrice S.*, 63 AD3d 620 [2009]; *Matter of Jennifer R.*, 29 AD3d 1003 [2006]). Moreover, the Family Court's determination that supervised visitation was in the subject children's best interests had a sound and substantial basis in the record (*see Matter of Roland Noele B.*, 66 AD3d 1008 [2009]). Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.