■ In the Matter of ANTHONY A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FAY A., Appellant. (Proceeding No. 1.) In the Matter of CHRISTIAN A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FAY A., Appellant. (Proceeding No. 2.) In the Matter of DAVID R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FAY A., Appellant. (Proceeding No. 3.) In the Matter of ZACHARY R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FAY A., Appellant. (Proceeding No. 4.) [40 NYS3d 781]—

Appeal by the mother from an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated October 7, 2015. The order, after a hearing, found that the mother neglected the child Zachary R. and derivatively neglected the children Anthony A., Christian A., and David R.

Ordered that the order is affirmed, without costs or disbursements.

Shortly after the child Zachary R. was born, the Suffolk County Department of Social Services filed a petition pursuant to Family Court Act article 10 alleging that the mother neglected Zachary R. by misusing drugs and derivatively neglected the children Anthony A., Christian A., and David R. After a fact-finding hearing, the court issued an order of fact-finding, which found that the mother neglected Zachary R. and derivatively neglected the other children. The mother appeals.

Contrary to the mother's contention, the Family Court's finding that she neglected Zachary R. by misusing drugs is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; [b] [i]; Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]; Matter of Benicio H. [Charlene H.], 115 AD3d 857, 858 [2014]; Matter of Ziaire M., 309 AD2d 938, 939 [2003]). The Family Court's determination that the mother lacked credibility is supported by the record and is entitled to deference (see Matter of Hayden C. [Tafari C.], 130 AD3d 924, 926 [2015]; Matter of Kenya R. [Edmindo R.], 129 AD3d 978, 979 [2015]). Since the evidence of neglect as to Zachary R. demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to the other children in the mother's care, the Family Court properly found that Anthony A., Christian A., and David R. were derivatively neglected (see Family Ct Act § 1046 [a] [i]; Matter of Tylasia B. [Wayne B.], 72 AD3d 1074, 1075 [2010]; Matter of Jocelyn S., 30 AD3d 273, 273 [2006]). Eng, P.J., Austin, Roman and Cohen, JJ., concur.