Matter of Caleah C.M.S. (Calvin S.) (2019 NY Slip Op 05629)





Matter of Caleah C.M.S. (Calvin S.)


2019 NY Slip Op 05629


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


9857

[*1]In re Caleah C.M.S., and Another, Children Under Eighteen Years of Age, etc., Calvin S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Jasmin O., Respondent.


Steven P. Forbes, Jamaica, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about April 27, 2018, insofar as it determined, after a hearing, that respondent father neglected the two subject children, unanimously modified, on the law and facts, to vacate the finding of neglect on the basis that respondent excessively abused alcohol, and otherwise affirmed, without costs.
Petitioner Administration for Children's Services (ACS) did not satisfy its burden of proving, by a preponderance of the evidence, that the father neglected the children based upon his repeated abuse of alcohol, because there is no evidence that he lost self-control during repeated bouts of excessive drinking, and such evidence is necessary to trigger the presumption of neglect under Family Court Act § 1046(a)(iii) (see Matter of Anastasia G., 52 AD3d 830, 831-832 [2d Dept 2008]; Matter of Anna F., 56 AD3d 1197, 1198 [4th Dept 2008]; Matter of Victoria CC., 256 AD2d 931, 933 [3d Dept 1998]; see generally Matter of Nasiim W. [Keala M.], 88 AD3d 452, 453 [1st Dept 2011]). The Family Court's finding that the caseworker's fact-finding testimony and the children's out-of-court statements in the case notes cross-corroborate each other to show that the father and his then-girlfriend would regularly drink alcohol in excess and fight lacks a sound and substantial basis in the record, because the caseworker testified at the fact-finding hearing that the children told her that they never saw the father impaired. Although the record raises concern about the father having alcohol issues, the caseworker never spoke with the father about the allegations concerning his alcohol consumption.
However, the finding that the father neglected the children during the August 4, 2016 incident has a sound and substantial basis in the record and should be affirmed because the evidence adduced during the fact-finding hearing shows that his judgment was strongly impaired and that the children were exposed to a risk of substantial harm as a result of his impairment (see Matter of Kayla W., 47 AD3d 571, 572 [1st Dept 2008]). The father's fact-finding testimony shows that he was arrested and served a term of incarceration, because he had a firearm in his possession when the police arrived to stop the altercation he was having with his girlfriend, and that hospital staff indicated that he "smelled like alcohol" despite his being the children's sole caretaker at that time as alleged in paragraphs 2B and 2C of the petitions (see Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1344 [4th Dept 2017]; Matter of Pedro C. [Josephine B.], 1 [*2]AD3d 267, 268 [1st Dept 2003]). The Family Court declined to credit the father's effort to minimize or explain his behavior and its credibility determinations should not be disturbed, because they are supported by the record (see Matter of Irene O., 38 NY2d 776, 778 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK