57-59 Second Realty Assoc. LLC v Chan (2023 NY Slip Op 51109(U))

[*1]

57-59 Second Realty Assoc. LLC v Chan

2023 NY Slip Op 51109(U)

Decided on October 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570544/22

57-59 Second Realty Associates LLC, Petitioner-Landlord-Respondent, 
against
Wilson Chan, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), dated October 24, 2022, which granted the landlord's motion to execute a warrant of eviction in a nonpayment summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), dated October 24, 2022, affirmed, without costs.
Tenant's Article 81 guardian, appointed by order of Supreme Court, New York County dated July 11, 2016, had authority to enter into the March 2, 2020 stipulation of settlement in this nonpayment proceeding commenced against tenant, since the guardian's powers included the authority to defend or maintain judicial proceedings on tenant's behalf. Contrary to tenant's assertion, the subsequent (October 5, 2021) Appellate Division determination that the guardian was no longer warranted (see Matter of Banks (Wilson C.), 198 AD3d 408, 408 [2021])did not render the stipulation null and void, since the June 2019 Supreme Court order underlying that appeal was "jurisdictionally valid, and never stayed during the time relevant herein" (Seril v Belnord Tenants Assn., 139 AD2d 401, 401 [1988]).
Nor did tenant allege any fraud, collusion, mistake, or accident warranting vacatur of the stipulation (see Hallock v State of New York, 64 NY2d 224, 230 [1984]) or show that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it (see Matter of Frutiger, 29 NY2d 143, 150 [1971]).
Any alleged defects in the notice of petition were waived by virtue of the settlement (see 1781 Riverside LLC v Chinchu Song, 35 Misc 3d 137[A], 2012 NY Slip Op 50830[U][App Term, 1st Dept 2012] 2380-86 Grand Ave. Assoc., LLC v Ortega, 20 Misc 3d 135[A], 2008 NY Slip Op 51511[U] [App Term, 1st Dept 2008]).
The tenant's remaining contentions have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 18, 2023